UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ROBERT J. McLAUGHLIN, | ) | Civil Action No.: 4:09-cv-728-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| FRANK LITHGOW, JEANIE OF HUMAN | ) | |
| RESOURCES DEPARTMENT, MARY | ) | |
| GOBEL, OPERATIONS MANAGER, | ) | |
| each is employed at the Suncruz Casino | ) | |
| Little River Location, and SUNCRUZ | ) | |
| CASINO, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

In this case, Plaintiff, who is proceeding pro se, appears to assert Defendants discriminated
against him based upon his age in violation of the Age Discrimination in Employment Act (ADEA),
29 U.S.C. § 621 et seq.  Presently before the Court is Defendants Frank Lithgow's, Jeanie of Human
Resources Department's and Mary Gobel's Motion to Dismiss (Document # 23).   Because Plaintiff
is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975),
that a failure to respond to the Motion to Dismiss could result in the Motion being granted.  No
response has been filed.

All pretrial proceedings in this case were referred to the undersigned pursuant to the
provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC.  Because the
Motion for Summary Judgment is a dispositive motion, this Report and Recommendation is entered
for review by the district judge.

## II.     RULE 41(B) DISMISSAL

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989).  "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate:  (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.  Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test."  Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal.  Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no response has been filed. Plaintiff was specifically warned that a failure to response to the Motion to Dismiss could result in the Motion being granted. Because Plaintiff failed to file a response to the Motion to Dismiss the individual Defendants, the undersigned concludes Plaintiff has abandoned his claims against these Defendants. No other reasonable sanctions are available. Accordingly, it is recommended that Plaintiff's claims against Defendants Frank Lithgow, Jeanie of Human Resources Department and Mary Gobel be dismissed for failure to prosecute those claims.

## III.    CONCLUSION

In light of the above analysis, it is recommended that Plaintiff's claims against Defendants Frank Lithgow, Jeanie of Human Resources Department and Mary Gobel be dismissed pursuant to Rule 41(b), Fed.R.Civ.P.[1]


                                                      s/Thomas E. Rogers, III
                                                      Thomas E. Rogers, III
                                                      United States Magistrate Judge
December 29, 2009
Florence, South Carolina

**The parties are directed to the important notice on the following page.**

---

[1]Dismissal is also appropriate on Plaintiff's ADEA claims against these individuals pursuant to Rule 12(b)(6), Fed.R.Civ.P., because the ADEA does not provide for individual liability. Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir.1994).