IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Robert J. McLaughlin, | ) | Civil Action No.: 4:09-cv-00728-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Frank Lithgow, Jeanie of Human | ) | |
| Resources Department, Mary Gobel, | ) | |
| Operations Manager, each is employed | ) | |
| at the Suncruz Casino Little River | ) | |
| Location, and Suncruz Casino, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III. In the R&R, the Magistrate Judge recommends that the Court dismiss the Plaintiff's claims against Defendants Frank Lithgow, Jeanie of Human Resources Department, and Mary Gobel pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Plaintiff filed timely objections, "making a motion to the court <u>not to dismiss</u> this case, or any Defendant's involved in this matter." [Docket # 44, p.3]. This matter is ripe for review.

### Procedural History

The case was initiated on March 20, 2009, when the Plaintiff filed a Complaint appearing to assert that the Defendants discriminated against him based on his age in violation of the Age Discrimination in Employment Act ("ADEA"). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. On June 2, 2009, the Defendants filed a "Motion to Dismiss and Memorandum in Support of Defendants Frank Lithgow, Jeanie of Human Resources Dept., Mary Gobel, Operations Manager." [Docket # 23]. Because Plaintiff is proceeding *pro se*, he was advised pursuant to *Roseboro v. Garrison,* 528 F.3d 309 (4th Cir. 1975), that failure to respond to the Motion

to Dismiss could result in the Motion being granted. The Plaintiff did not respond originally to the Motion. The Magistrate Judge issued an R&R on December 29, 2009, in which he recommends that the Court grant the Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b). On January 5, 2010, the Plaintiff filed timely objections to the R&R.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

The Plaintiff makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. In addition, the Plaintiff failed to respond to the Motion to Dismiss even after the Magistrate Judge's explicit warning that a failure to respond may result in the Motion being granted. In his Objections, the Plaintiff asks this Court "not to dismiss this case, or any Defendant's involved in this matter." He further states

2

"I'm sorry but I really don't know what I must do in this case for the Court." While dismissal may seem harsh to the Plaintiff and while he asks the Court not to dismiss any defendants, he gives the Court no authority or argument supported by law that allows for individual liability in his ADEA claim. ADEA limits civil liability to the employer; as such, the individual employees are not proper defendants. *See Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 510 (4th Cir. 1994).

The Plaintiff's claims against Defendants Frank Lithgow, Jeanie of Human Resources Department, and Mary Gobel are dismissed. The Plaintiff may proceed at this time against the employer Suncruz Casino, and the matter is returned to the Magistrate Judge for further pretrial handling.

### Conclusion

This Court holds that the Plaintiff's claims against Defendants Frank Lithgow, Jeanie of Human Resources Department, and Mary Gobel are dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Based on the foregoing, it is

**ORDERED** that the Magistrate Judge's R&R is adopted as modified, and the Defendants' Motion to Dismiss is granted pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
February 2, 2010