UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ROBERT J. McLAUGHLIN, | ) | Civil Action No.: 4:09-cv-0728-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| SUNCRUZ CASINOS; | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On June 6, 2012, the court entered an Order striking Defendant's Answer and directing the Clerk of Court to make an Entry of Default in the record as a result of Defendant's failure to retain counsel. The matter was then referred to the Magistrate Judge to conduct a damages hearing and submit to the court a Report and Recommendation pursuant to 28 U.S.C. § 636. On June 13, 2012, the Magistrate Judge ordered that the damages hearing would be held on July 24, 2012. Plaintiff, who is proceeding pro se failed to appear for the damages hearing. As a courtesy, the courtroom deputy contacted Plaintiff via telephone to inquire whether he was planning to attend. Plaintiff, who lives in New Jersey, indicated that he was not.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)). In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible

-2-

for his failure to appear at the damages hearing. In fact, upon inquiry by the courtroom deputy, Plaintiff specifically stated that he would not be appearing for the hearing. The court therefore concludes Plaintiff has abandoned his claims. Accordingly, this case is dismissed pursuant to Rule 41(b), Fed.R.Civ.P.

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

July 24, 2012
Florence, South Carolina